**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YANIRA TRINIDAD IRIARTE-CASTILLO,

Petitioner,

v.

VERNON LIGGINS, *et al.*,

Respondents.

Case No. 26-cv-04960-BAS-DEB

**ORDER:**

**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**

**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)**

Petitioner Yanira Trinidad Iriarte-Castillo filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Motion for a Temporary Restraining Order requesting immediate release from immigration custody. (ECF Nos. 1, 2.) The District of Maryland transferred the case to this Court. (ECF No. 17.) The Government argues Petitioner was only recently taken into custody to effectuate her removal order and that all regulatory requirements were complied with upon arrest. (ECF No. 22.) Petitioner does not respond. For the reasons stated below, the Court **DENIES** the Petition without prejudice and **DENIES** the Motion for a Temporary Restraining Order. (ECF Nos. 1, 2.)

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II. ANALYSIS

Petitioner has repeatedly entered the United States without inspection and has been previously removed to Guatemala. (Pet. ¶ 17, ECF No. 1.) On February 13, 2023, after withdrawing her claims of fear if again returned to Guatemala, she was ordered removed but allowed to remain in the United States subject to supervised probation. (*Id.*) On August 12, 2026, Immigration and Customs Enforcement ("ICE") notified Petitioner that her supervised probation was being revoked because ICE intended to remove her to Guatemala. (Solares Decl. ¶ 12, ECF No. 22-1.) She was also given an informal interview during which she was given the opportunity to be heard on her change in status. (*Id.*) ICE is making arrangements for Petitioner to be returned to Guatemala. (*Id.*)

In *Zadvydas*, the Supreme Court ruled that a six-month period to effectuate removal is presumptively reasonable. 533 U.S. at 701. However, "[a]fter this six-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. In addition, "[t]his six-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it has been just over a month since Petitioner was taken into custody for the purpose of removal. She makes no effort to rebut the presumption that her detention to effectuate removal is presumptively reasonable. Because the Court cannot find, at this point, that there is no significant likelihood of removal to Guatemala in the reasonably foreseeable future, the Court denies the Petition on this ground.

Additionally, although the Petition argues Petitioner was not given notice or an opportunity to be heard before she was taken into custody, the Declaration of Gloria Solares submitted by the Government indicates that she was given notice and an informal interview as required by the regulations. (Solares Decl. ¶ 12.) Petitioner offers no reply to this evidence. Hence, the Court finds ICE complied with all regulations and that, at this point, there is a significant likelihood that Petitioner will be removed to Guatemala in the reasonably foreseeable future.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition (ECF No. 1) and **DENIES** the Motion for a Temporary Restraining Order (ECF No. 2). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 21, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**